UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| PATRICIA L. CAPLAN, | : | Case No. 25-1-3420-MCR |
| | : | Chapter 13 |
| Debtor. | : | |
| | : | |

**TRUSTEE'S OBJECTION TO DEBTOR'S
CHAPTER 13 PLAN FILED APRIL 17, 2025**

Timothy P. Branigan, Chapter 13 trustee in the above-captioned case ("Trustee"), pursuant to section 1325 of the Bankruptcy Code and Bankruptcy Rule 3015(f) objects to confirmation of the Debtor's Chapter 13 plan filed on April 17, 2025 (the "Plan"). In support of his opposition, the Trustee respectfully represents the following:

1. The Debtor commenced this case under Chapter 13 on April 17, 2025. The Plan proposes to pay $2,300.00 monthly for 54 months for a gross funding of $124,200.00.

2. The Debtor has failed to provide documentation supporting expenses listed on Schedule J of $500.00 per month for home maintenance, $360.00 per month for taxes, and $250.00 per month for miscellaneous, as requested by the Trustee at the meeting of creditors. Accordingly, the Trustee cannot determine whether the Plan is feasible or if the Debtor is devoting all disposable income toward the Plan. The Plan does not satisfy the requirements of sections 1325(a)(6) and 1325(b)(1)(B) of the Bankruptcy Code. At this time, the Debtor has failed to fully cooperate with the Trustee as required under section 521(a)(3) of the Bankruptcy Code.

3. The Trustee verified the Debtor's net monthly income to be $12,196.00, and pension to be $1,369.00, at the meeting of creditors. The Plan fails to provide that all of the Debtor's projected disposable income will be applied to make payments to unsecured creditors

under the Plan. The Plan does not satisfy the requirements of section 1325(b)(1)(B) of the Bankruptcy Code.

4. The Debtor has not provided and/or filed all applicable federal, state, and local tax returns as required by section 1308. Accordingly, the Debtor has not satisfied the requirements of section 1325(a)(9) of the Bankruptcy Code.

5. Accordingly, the Plan should not be confirmed.

**PLEASE TAKE NOTICE** THAT *THIS OBJECTION MUST BE RESOLVED <u>AT LEAST 2 BUSINESS DAYS PRIOR TO THE CONFIRMATION HEARING</u>*. AFTER THAT TIME, THE TRUSTEE MAY DECLINE TO ACCEPT MATERIALS THAT HE HAS REQUESTED FROM THE DEBTORS. THE TRUSTEE MAY DECLINE TO DISCUSS THE CASE AT THE CONFIRMATION HEARING. THE DEBTORS SHOULD EXPECT THAT ANY UNRESOLVED OBJECTION WILL BE HEARD BY THE COURT.

                Respectfully submitted,

June 16, 2025
                /s/ Timothy P. Branigan
                Timothy P. Branigan (Fed. Bar No. 06295)
                Chapter 13 Trustee
                9891 Broken Land Parkway, #301
                Columbia, Maryland 21046
                (410) 290-9120

- 3 -

## Certificate of Service

I hereby certify that the following persons are to be served electronically via the CM/ECF system:

William A. Grafton, Esq.

I caused a copy of the pleading above to be sent on June 18, 2025 by first-class U.S. mail, postage prepaid to:

Patricia Lynn Caplan
25 Ethelwood Court
Olney, MD  20832

                                            /s/ Timothy P. Branigan
                                            Timothy P. Branigan (Fed. Bar No. 06295)